UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HASSAN ABDILLAHI ABDI,

                 Petitioner,

    v.

KRISTI NOEM, et al.,

                 Respondent.

CASE NO. 2:26-cv-00745-BAT

**ORDER GRANTING HABEAS PETITION AND DIRECTING RELEASE**

Petitioner Hassan Abdillahi Abdi, currently detained by U.S. Immigration and Customs Enforcement at the Northwest ICE Processing Center in Tacoma, Washington, filed this 28 U.S.C. § 2241 habeas petition seeking his immediate release. Dkt. 1 (petition). He further requests the Court declare that his re-detention without an individualized determination violates the Due Process Clause of the Fifth Amendment and was made in violation of statute and regulation; he also seeks an award of attorney fees and costs and any further relief the Court deems just and proper. The Court **GRANTS** petitioner's habeas petition and **ORDERS** respondents to release petitioner within **TWENTY-FOUR (24) HOURS** of this order and to provide the Court with a status report confirming his release within **TWO DAYS** of this order.

## BACKGROUND

Petitioner, a national of Djibouti, entered the United States in August 2023 and was

ORDER GRANTING HABEAS PETITION
AND DIRECTING RELEASE - 1

apprehended and detained shortly after entry; he was released on an order of personal recognizance (OREC) on August 27, 2023. Dkt. 6 (Andrade decl.), ex. A; Dkt. 7 (Douglas decl.) at ¶ 5. On January 30, 2026, immigration authorities stopped petitioner while he was driving his car in Tukwila, Washington. Dkt. 6, ex. F; Dkt. 7 at ¶ 9. Officers conducted a record check and learned petitioner had never reported to the Seattle Enforcement and Removal Operations (ERO) office after his release in 2023. Dkt. 6, ex. F. A warrant was issued for his arrest, and he was arrested, detained, and transferred to NWIPC. Dkt. 6, ex. F; Dkt. 7 at ¶ 9. Petitioner did not receive prior written notice of the reason for his re-detention.

Respondents submitted several documents from petitioner's alien file. Dkt. 6. A notice of custody determination, dated August 27, 2023, directed that petitioner be released on his own recognizance. *Id.*, ex. A. The OREC, dated August 27, 2023, had a box checked to indicate that petitioner was required to report in person, but the spaces for name and title of case officer and date and time to report were left blank and the space for location of DHS office stated only: "As indicated on the attached OREC G-56." *Id.*, ex. B at 2. No OREC G-56 has been filed by respondents. A notice to appear, dated August 27, 2023, orders petitioner to appear before an immigration judge in Seattle, Washington on a date that appears to be September 15, 2026.[1] Dkt. 6, ex. C at 1. These documents are unsigned by petitioner and indicate that they were read or explained to petitioner in English, a language petitioner states he is not fluent in. Dkt. 8 (traverse) at 2. On January 30, 2026, the date of petitioner's arrest, a memorandum was issued to cancel petitioner's OREC, an arrest warrant was issued for petitioner's arrest, and a notice of custody determination was issued directing petitioner be detained. Dkt. 6, exs. D, E; Dkt. 7 at

---

[1] The documents as reproduced in the record have blank spaces throughout. In the notice to appear, the date petitioner is ordered to appear includes a blank space and reads as follows: "September 15, 2 26." Dkt. 6, ex. C at 1.

ORDER GRANTING HABEAS PETITION
AND DIRECTING RELEASE - 2

¶ 9. The notice of custody determination and arrest warrant indicate they were read to petitioner in English; petitioner refused to sign the notice of custody determination. Dkt. 6, ex. E.

In November 2023, petitioner filed an application for asylum and withholding of removal. Dkt. 7 at ¶ 7. Petitioner has a merits hearing scheduled for April 26, 2026. *Id.* at ¶ 13.

Petitioner asserts that throughout his time in the United States he has had a single address, has not committed or been charged with any crimes under local, state, or federal laws, has not missed a check-in with ICE, and has only worked while holding valid employment authorization. Dkt. 1 at 2. Respondents do not dispute this, other than asserting that petitioner did not report to the Seattle ERO office "as directed." Dkt. 5 at 4.

**DISCUSSION**

**I.      Whether Petitioner Is Detained Pursuant to 8 U.S.C. § 1225 or § 1226**

Respondents assert that petitioner is an applicant for admission subject to mandatory detention under 12 U.S.C. § 1225(b). Dkt. 5 at 8. This Court has previously determined that the re-detention of a petitioner previously released on an OREC is guided by 8 U.S.C. § 1226(a), not by 8 U.S.C. § 1225(b). *Lucena-Ojeda v. Noem*, 2026 WL 279353, at *1 (W.D. Wash. Feb. 3, 2026); *Singh v. Wamsley*, 2026 WL 248372, at *1 (W.D. Wash. Jan. 30, 2026); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115–16 (9th Cir. 2007) (holding that noncitizens released on an OREC must necessarily have been detained and released under § 1226); *Del Valle Castillo v. Wamsley*, No. 2:25-CV-02054-TMC, 2025 WL 3524932, at *5 (W.D. Wash. Nov. 26, 2025) (quoting *Romero v. Hyde*, No. CV 25-11631-BEM, 2025 WL 2403827, at *8 (W.D. Wash. Aug. 19, 2025) (in determining petitioners, who had been apprehended on arrival, released, and were later apprehended again, were subject to discretionary detention under § 1226(a) not mandatory detention under § 1225(b)(2), the Court considered the government's treatment of the

ORDER GRANTING HABEAS PETITION
AND DIRECTING RELEASE - 3

petitioner seeking habeas relief was "particularly relevant" and found where a petitioner has been "'treated by Respondents as subject to detention under § 1226, rather than mandatory detention under § 1225,' the former is more likely to apply.").

Petitioner was released on an OREC, which is authorized under § 1226(a)(2)(B), rather than on humanitarian parole. Petitioner's OREC states he is being released on his own recognizance "[i]n accordance with section 236 of the Immigration and Nationality Act," which corresponds to 8 U.S.C. § 1226. Dkt. 6, ex. B at 2. The notice to appear also states petitioner is a noncitizen "present in the United States who has not been admitted or paroled." Dkt. 6, ex. C at 2. These factors all support a conclusion that petitioner was released under § 1226.

Respondents rely on an internal Department of Homeland Security memorandum issued on July 8, 2025, which states that DHS has revisited its position on detention and release authorities, and that as of the date of the memorandum, DHS takes the position that all aliens present in the United States who have not been admitted or who arrive in the United States, whether or not at a designated port of arrival, are subject to mandatory detention under § 1225. Dkt. 5 at 2-3. But respondents do not explain how this memorandum retroactively changes the statutory authority under which petitioner was released on personal recognizance or the due process protections that attached to petitioner's liberty interest when he was released. Respondents also cite to *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), Dkt. 5 at 3, a split decision from the Fifth Circuit Court of Appeals that is not binding on this Court and that is inconsistent with this Court's view of the statutory text and relevant Ninth Circuit and Supreme Court authority interpreting it. In any event, petitioner is entitled to due process regardless of the statutory authority for his detention. *See Osuna Benitez v. Hermosillo*, No. 2:25-CV-02535-BAT, 2025 WL 3763932 (W.D. Wash. Dec. 30, 2025)

ORDER GRANTING HABEAS PETITION
AND DIRECTING RELEASE - 4

(applying *Mathews* and granting petition for habeas corpus despite finding petitioner was detained under § 1225).

The Court finds that § 1226 governs petitioner's re-detention, and he is not subject to mandatory detention under § 1225.

## II.        Whether Petitioner's Re-Detention Violated Due Process

Petitioner contends that his re-detention violated the Due Process Clause of the Fifth Amendment. Dkt. 1 at 3. Applying *E.A. T.-B. v. Wamsley*, 795 F.Supp.3d 1316 (W.D. Wash. Aug. 18, 2025), the Court finds that petitioner possesses due process protections and reviews respondents' decisions and actions to deprive petitioner of his liberty interests under the factors set forth in *Mathews*: The private interest affected by the official action; the risk of erroneous deprivation of such interest through the procedures used, and the probable value of additional or substitute procedural safeguards; and the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *See Mathews v. Eldridge,* 424 U.S. 319, 335 (1976).

Regarding the first factor, respondents argue that a noncitizen has a lesser liberty interest than a citizen. Dkt. 5 at 9. The Court rejects the notion that petitioner's weighty liberty interest is greatly diminished solely because he is a noncitizen in immigration proceedings. *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (freedom from restraint is at the core of the liberty protected by the Due Process Clause from arbitrary governmental action) *see also Zadvydas v. Davis,* 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all "persons" within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent."). This is true notwithstanding ICE's discretion to release him. *See Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025) ("When he was released from his

ORDER GRANTING HABEAS PETITION
AND DIRECTING RELEASE - 5

initial detention on parole, Petitioner took with him a liberty interest which is entitled to the full protections of the due process clause."). The first factor weighs in petitioner's favor.

Regarding the second factor, respondents acknowledge that courts in this district have found that due process requires a pre-deprivation hearing when the revocation is premised on allegations of violations of the conditions of a noncitizen's release, but state that they disagree with these determinations. Dkt. 5 at 9-10. Respondents' disagreement with these decisions is insufficient to convince the Court that those cases were wrongly decided. Instead, the Court finds that the risk of erroneous deprivation of petitioner's liberty interest through the procedures used is high given that respondents, having earlier released him because he was not a flight risk or a danger to the community, re-detained him without considering these factors. *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025) ("[G]iven that Petitioner was previously found to not be a danger or risk of flight . . . the risk of erroneous deprivation remains high.").

The specific circumstances of this case emphasize this heightened risk: respondents re-detained petitioner because he did not report to the Seattle ERO office. Petitioner does not dispute that he did not report to the Seattle ERO office, but notes that the OREC does not give a date, time, place, or name of a case officer to report to, is unsigned by petitioner, and indicates it was explained to him in English, a language petitioner is not fluent in. Dkt. 8 at 2. The notice to appear directs petitioner to appear before an immigration judge on a date still more than five months in the future. Dkt. 6, ex. C at 1. The risk of an erroneous deprivation is unacceptably high given that there is no evidence in the record that petitioner was informed of the condition he allegedly violated. The second factor weighs in petitioner's favor.

As to the third factor, respondents' interest in petitioner's re-detention is minimal.

ORDER GRANTING HABEAS PETITION
AND DIRECTING RELEASE - 6

Respondents do not claim petitioner is a danger to the community or a flight risk. In fact, respondents do not dispute petitioner's assertion that throughout his time in the United States he has had a single address, has not committed or been charged with any crimes under local, state, or federal laws, and has only worked while holding valid employment authorization. There is nothing in the record to indicate this assertion is untrue. Respondents identify no interest that would be threatened by, at the least, providing petitioner with written notice and an opportunity to be heard prior to re-detaining him. This factor also weighs in petitioner's favor.

The Court accordingly finds that petitioner has a protected liberty interest in his release from custody and all of the *Mathews* factors weigh in his favor. The Court also finds that a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty. *E.A. T.-B*, 795 F. Supp. 3d at 1323-24 (citing *Domingo v. Kaiser*, 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention."). The Court accordingly finds petitioner should be immediately released. *See E.A. T.-B*, 795 F. Supp. 3d at 1324.

Because the Court grants the petition for habeas corpus on other grounds, it declines to reach the arguments based on the Administrative Procedure Act. *See* Dkt. 1 at 9-12.

The Court **ORDERS**:

1.    The petition for writ of habeas corpus (Dkt. 1) is **GRANTED**.

2.    Petitioner's re-detention without an individualized determination violates the Due Process Clause of the Fifth Amendment.

3.    Petitioner shall be released within **TWENTY-FOUR (24) HOURS** of this order

ORDER GRANTING HABEAS PETITION
AND DIRECTING RELEASE - 7

and to provide the Court with a status report confirming his release within **TWO DAYS** of this order.

4.    The Court will entertain a motion for attorney fees and expenses under the Equal Access to Justice Act. Any such motion must be filed within the date set by the EAJA statute and shall be noted under Local Civil Rule 7(d)(3).

DATED this 26th day of March, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING HABEAS PETITION
AND DIRECTING RELEASE - 8